```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
J & J SPORTS PRODUCTIONS INC.,
```
For Online Publication Only

**ORDER**

17-CV-05331 (JMA) (AYS)

Plaintiff,

-against-

SHAHARYAR BABAR, and KOYLA CAFÉ INC.,

Defendants.
```
----------------------------------------------------------------------X
```

**FILED
CLERK**

5/1/2019 11:35 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff J & J Sports Productions, Inc. for a default judgment against defendants Shaharyar Babar, individually, and d/b/a Koyla Hookah Lounge; and Koyla Café Inc., an unknown business entity d/b/a Koyla Hookah Lounge (the "Defendants") for violations of 47 U.S.C. § 605. For the reasons stated herein, plaintiff's motion is GRANTED, and plaintiff is awarded a default judgment against the Defendants in the amount of $26,400. Plaintiff may file a motion for attorneys' fees and costs within thirty (30) days.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in this action, (ECF Nos. 6, 7), but failed to timely file an answer. Accordingly, the Clerk of the Court issued an entry of default against both defendants on November 20, 2017. (ECF No. 9.) Shortly thereafter, an attorney appeared for the defendant Shaharyar Babar ("Babar") and filed an Answer to the complaint. (ECF Nos. 10, 12.) However, in August 2018, Babar's attorney filed a motion to withdraw, informing the Court that Babar wished to proceed *pro se*. (ECF No. 16.) This motion was granted by Magistrate Judge Anne Y. Shields on August 13, 2018 and Babar was (1) directed to advise the Court on or before September

17, 2018 how he wished to proceed in this matter; and (2) warned that failure to communicate with the Court could result in an entry of default. Babar did not respond to this Order. Two months later, plaintiff filed a motion for a pre-motion conference in anticipation of a proposed motion for summary judgment. (ECF No. 19.) Babar again failed to respond to this letter. Accordingly, on November 14, 2018, the undersigned reiterated Judge Shields' warning that Babar could be found in default, denied plaintiff's request for a pre-motion conference, and directed plaintiff to file a motion for default judgment. To date, Babar has not communicated with the Court since his attorney withdrew in August, nor responded to the instant motion for default judgment, and it appears that he has abandoned his defense of this case. In light of Babar's failure to participate in this action and adhere to this Court's orders, his Answer is stricken, and the Court finds him in default.

Defendant Koyla Café Inc. has never answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, both defendants have defaulted.

**B. <u>Liability</u>**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u> Here, the allegations in the complaint, (ECF No. 1), are sufficient to establish the Defendants' liability under Title 47 U.S.C. § 605, <u>et seq.</u>

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of $26,400 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C). The Court finds that plaintiff's submissions, including the memorandum of law, declarations, and attached exhibits establish $26,400 in damages to a reasonable certainty. Accordingly, Plaintiff is entitled to $26,400 in damages.

## II. CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to the plaintiff for $26,400. Plaintiff may submit a motion for attorneys' fees and costs within thirty (30) days of the date of this order. Should plaintiff fail to submit a motion for fees within thirty (30) days, the Clerk of the Court will be directed to mark this case closed and enter judgment.

**SO ORDERED.**

Dated: May 1, 2019
Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE